IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| TERRELL SUZETTE C., | * |
| | * |
| Plaintiff, | * |
| | *   Civil No. TMD 18-1923 |
| v. | * |
| | * |
| | * |
| ANDREW M. SAUL, | * |
| Commissioner of Social Security, | * |
| | * |
| Defendant.[1] | * |
| | *********** |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
<u>ALTERNATIVE MOTION FOR REMAND</u>**

Plaintiff Terrell Suzette C. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 12), Defendant's Motion for Summary Judgment (ECF No. 13), and Plaintiff's "Reply Brief in Support of Motion for Summary Judgment" (ECF No. 14).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 12) is **GRANTED**.

# I

## Background

On June 6, 2017, Administrative Law Judge ("ALJ") Stewart Goldstein held a hearing where Plaintiff and a vocational expert ("VE") testified. R. at 36-78. The ALJ thereafter found on July 21, 2017, that Plaintiff was not disabled from her alleged onset date of disability of January 22, 2014, through the date of the ALJ's decision. R. at 12-34. In so finding, the ALJ found that Plaintiff had moderate limitation in concentrating, persisting, or maintaining pace. R. at 20. "[T]he record does not establish a neurocognitive impairment. The moderate limitation with regard to concentrating, persisting, or maintaining pace takes into consideration the combined effect of [Plaintiff's] pain secondary to her medically determinable physical impairments on her overall level of functioning." R. at 20.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [Plaintiff] cannot climb ladders, ropes, or scaffolds. [Plaintiff] can only occasionally climb ramps and stairs and occasionally stoop, kneel, crouch, and crawl. Her ability to remember and understand detailed instructions, to maintain concentration and attention for extended periods, to perform duties with consistent pace and persistence, and to adapt to change in the work setting are impaired by her depression that affects her energy and motivation. Thus, she is limited to performing simple, routine tasks where she does not have to work at a production rate pace, as you would typically find on an assembly line or in piecework, and she would need a break of about fifteen minutes approximately every two hours. Due to her problems with persistence and pace, she would only be able to function at between 90 and 95% of the efficiency of an unimpaired worker.

R. at 21.[3]  In light of this RFC and the VE's testimony, the ALJ found that, although she could not perform her past relevant work as an information clerk, Plaintiff could perform other work, such as an officer helper, clerical checker, or inspector.  R at 27-28.  The ALJ thus found that Plaintiff was not disabled from January 22, 2014, through July 21, 2017.  R. at 29.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on June 26, 2018, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. §§ 404.1567(b), 416.967(b).  "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.*  "If someone can do light work, [the Commissioner determines] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  *Id.*

region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[4]

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age,

education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir.

1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the ALJ failed to analyze properly the opinion evidence in the record. Pl.'s Mem. Supp. Mot. Summ. J. 3-29, ECF No. 12-2. She also argues that the ALJ erred in evaluating her credibility by failing to consider her strong work history. *Id.* at 29-32. For the reasons discussed below, the Court remands this case for further proceedings.

**A.    ALJ's Credibility Determination**

The Court first turns to Plaintiff's argument that, in assessing her credibility, the ALJ failed to acknowledge her exemplary work history.

> Plaintiff cites to some cases from outside the Fourth Circuit, and one opinion from the Eastern District of North Carolina, suggesting that a claimant's credibility would be bolstered by a strong work history or attempts to return to gainful employment. Without question, SSA policy requires that the ALJ consider "information about [a claimant's] prior work record," in addition to other factors, in evaluating the claimant's subjective complaints of disabling symptoms.

*Frank S. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-1796, 2019 WL 1118071, at *3 (D. Md. Mar. 11, 2019) (alteration in original) (citation omitted) (quoting 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)). "[I]t is not the only or the determinative factor," however. *Fahringer v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3797, 2016 WL 6585568, at *4 (D. Md. Nov. 7, 2016). Instead,

7

> [i]n considering the intensity, persistence, and limiting effects of an individual's symptoms, [the Commissioner examines] the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.

Social Security Ruling[5] ("SSR") 16-3p, 2017 WL 5180304, at *4 (Oct. 25, 2017). Here, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. at 22. The ALJ found that the medical evidence of record generally did not support the extent of Plaintiff's alleged loss of functioning since January 22, 2014. R. at 22-26. The ALJ also weighed the opinion evidence. R. at 26-27. The ALJ further considered Plaintiff's past relevant work as an information clerk (R. at 27, 48-50) and thus was fully aware of her work history. *See Gerbrick v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-13-1881, 2014 WL 4826158, at *3 (D. Md. Sept. 22, 2014). "Thus, [Plaintiff's] argument that the ALJ did not consider her past relevant work by not specifically mentioning it in [his] credibility determination is unpersuasive." *Id.* While

> ideally, "it behooves an ALJ to clearly articulate the role a plaintiff's work history plays in his credibility analysis," the failure to adhere to that standard does not warrant remand where, as here, there is express evaluation of substantial evidence relating to the other relevant factors, and some evidence that the ALJ considered the plaintiff's work history.

*Frank S.*, 2019 WL 1118071, at *3 (citation omitted). Remand on this ground is thus unwarranted. *See id.*

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

**B.     ALJ's RFC Assessment**

The Court remands this case, however, because the ALJ's inadequate analysis in assessing Plaintiff's RFC frustrates meaningful review. SSR 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ

erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.* In other words, under *Mascio*, "once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *McLaughlin v. Colvin*, 200 F. Supp. 3d 591, 600 (D. Md. 2016) (quoting *Talmo v. Comm'r, Soc. Sec.*, Civil Case No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015)).

Here, the ALJ found that Plaintiff "is limited to performing simple, routine tasks where she does not have to work at a production rate pace, as you would typically find on an assembly line or in piecework." R. at 21. However, "a case can be remanded when the sole error of the ALJ is the failure to define 'non-production oriented work setting.'" *Ursula G. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-1841, 2019 WL 2233978, at *3 (D. Md. May 23, 2019) (citing *Perry v. Berryhill*, 765 F. App'x 869, 872-73 (4th Cir. 2019)); *see Mischler v. Berryhill*, 766 F. App'x 369, 376 (7th Cir. 2019) (finding that a "no piecework or fast moving assembly line type

work" limitation, without more, made it impossible for a VE to assess whether a claimant with that limitation could maintain the proposed pace); *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019) (determining that ALJ's failure to define "production rate or demand pace" terms made it "difficult, if not impossible," for court to assess whether substantial evidence supported their inclusion in claimant's RFC). The ALJ also found that Plaintiff "would need a break of about fifteen minutes approximately every two hours" (R. at 21) and that "the breaks provided . . . are standard in the competitive work environment" (R. at 28-29). "However, those breaks are encompassed within a normal workday, and are not specific limitations designed to address Plaintiff's particular concentration, persistence, or pace issues." *Keith W. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-2391, 2019 WL 3945481, at *3 (D. Md. Aug. 20, 2019); *see Jody R-S. v. Berryhill*, Civil No. TJS-18-1715, 2019 WL 1493364, at *3 (D. Md. Apr. 3, 2019) (determining that RFC assessment limiting claimant to work that involves only "simple tasks in 2-hour increments with 10- to 15- minute breaks in-between" did not account for claimant's moderate difficulties in concentration, persistence, and pace). "The cursory nature of the ALJ's rationale for the 'moderate limitation' does not permit [the Court] to understand the ALJ's reasoning, or to ascertain why the ALJ believed normal workday breaks sufficient to address Plaintiff's problems with persistence." *Trena Y. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-938, 2019s WL 1748550, at *3 (D. Md. Apr. 18, 2019).

The ALJ's decision also fails to explain how, despite Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace, she could function at "between 90 and 95% of the efficiency of an unimpaired worker" (R. at 21). *See Lee v. Berryhill*, Civil No. TMD 15-3307, 2017 WL 3007068, at *8 (D. Md. July 14, 2017); *see also Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (remanding because, *inter alia*, ALJ did not build accurate and logical bridge

11

between claimant's moderate difficulties in various functional areas and ALJ's finding that claimant would not be off task more than 10% of workday); *McLaughlin*, 200 F. Supp. 3d at 602 (remanding because ALJ's decision failed to explain how, despite claimant's moderate difficulties in maintaining concentration, persistence, or pace, she could remain productive for at least 85% of workday, in light of VE's testimony that individual "off task" more than 15% of workday because of need to take unscheduled breaks could not perform any work).

In short, the ALJ "failed to explain whether Plaintiff's moderate limitations in concentration, persistence, and pace affected [her] ability to perform work-related tasks consistently throughout an 8-hour workday." *Keith W. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-2391, 2019 WL 3945481, at *3 (D. Md. Aug. 20, 2019). "[T]he ALJ provided no specific analysis regarding his reasons for finding that Plaintiff's moderate limitation in concentration, persistence, or pace is directly related to the complexity or the routine nature of the tasks [she] is asked to perform." *Antonio M. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-3839, 2019 WL 4162668, at *3 (D. Md. Sept. 3, 2019).

> The Court cannot classify the error as harmless because the ALJ's written decision is insufficient to permit adequate review. Because the ALJ's RFC does not account for all of [Plaintiff's] limitations, the Court cannot find that the RFC provides an accurate description of the work that [she] is able to do on a regular and continuing basis. In light of the Fourth Circuit's clear guidance in *Mascio*, this case must be remanded so that the ALJ can explain how [Plaintiff's] limitations in the areas of concentration, persistence, and pace can be incorporated into the RFC assessment, or why no additional limitation is necessary to account for these difficulties.

*Lawson v. Berryhill*, Civil No. TJS-17-0486, 2018 WL 1135641, at *5 (D. Md. Mar. 1, 2018).

The ALJ "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure

to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Because the Court determines that the ALJ did not properly evaluate Plaintiff's limitations in concentrating, persisting, or maintaining pace, the Court need not address Plaintiff's other arguments. *See DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) (per curiam); *Roxin v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-2311, 2015 WL 3616889, at *4 (D. Md. June 5, 2015) (court "need not determine whether the arguments raised in [the plaintiff's] Motion for Summary Judgment, standing alone, merit remand, because the case is being remanded on [the] other grounds" of *Mascio* error). In any event, the ALJ also should address these other deficiencies identified by Plaintiff. *See Hancock v. Barnhart*, 206 F. Supp. 2d 757, 763 n.3 (W.D. Va. 2002) (on remand, ALJ's prior decision has no preclusive effect as it is vacated and new hearing is conducted *de novo*).

Last, the Court notes that a limitation to simple, routine, and repetitive tasks may be inconsistent with the performance of the jobs of office helper, clerical checker, and inspector identified by the VE. R. at 28, 74-75. According to the *Dictionary of Occupational Titles*[6] (the "DOT"), all three occupations involve a DOT reasoning level of two. *See* DOT 239.567-010, 1991 WL 672232 (listed as "office helper"); DOT 222.687-010, 1991 WL 672130 (listed as "checker I"); DOT 649.687-018, 1991 WL 685671 (listed as "paper-pattern inspector"). Appendix C of the DOT, 1991 WL 688702, states that level-two reasoning skills are defined as the skills to "[a]pply commonsense understanding to carry out detailed but uninvolved written or

---

[6] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption." *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

oral instructions. Deal with problems involving a few concrete variables in or from standardized situations."

"The Fourth Circuit has found that an apparent conflict exists between a limitation to 'short, simple instructions' and a Reasoning Level of 2." *Geraldine S. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-3447, 2019 WL 3935376, at *4 (D. Md. Aug. 20, 2019) (citing *Thomas*, 916 F.3d at 313-14; *Keller v. Berryhill*, 754 F. App'x 193, 198 (4th Cir. 2018) (per curiam)). However,

> because this case is being remanded on other grounds, the Court need not decide if the limitation to "simple, routine, and repetitive tasks" is analogous to the limitation in *Thomas* to "short, simple instructions," 916 F.3d at 313. However, on remand, the ALJ can consider whether an apparent conflict may exist, and whether an explanation should be elicited from a VE to explain any apparent conflict.

*Geraldine S.*, 2019 WL 3935376, at *4.

## V

## <u>Conclusion</u>

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 13) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 12) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: September 13, 2019                    /s/
                                            Thomas M. DiGirolamo
                                            United States Magistrate Judge